UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE E. HILLEN, JR. | CIVIL ACTION NO. 12-cv-0655 |
| VERSUS | JUDGE STAGG |
| TOWN OF BENTON, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Clarence E. Hillen, Jr. ("Plaintiff"), represented by attorney Pamela R. Jones, filed this civil action against the Town of Benton and its Chief of Police. Plaintiff, who had worked as a police officer for the Town and had run for the office of Chief, alleged that he was subjected to unconstitutional retaliation and not paid the wages he was owed in accordance with the Fair Labor Standards Act. A few months after a Scheduling Order issued, counsel for Plaintiff filed a motion to withdraw on the grounds that her attorney-client relationship with Plaintiff had terminated. Counsel reported that she had notified Plaintiff of the trial date, provided him a copy of the Scheduling Order, and made arrangements to return his file and records.

The court issued an order that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted him approximately one month to either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of those steps prior to January 7, 2013 may result in Plaintiff's case being dismissed,

without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Plaintiff at the address provided by his former counsel.

The January 7, 2013 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on his behalf. The court provided ample time for Plaintiff to secure new counsel or indicate his desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of January, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE